Mary G. Isban (009731)
CAMPBELL, YOST, CLARE & NORELL, P.C.
3101 N. Central Ave., Suite 1200
Phoenix, AZ  85012
Phone:  (602) 322-1600
Fax:  (602) 452-6600
misban@cycn-phx.com
mesupct@cycn-phx.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| GAIL LONG, | Case No. |
|---|---|
| Plaintiff, | **REMOVAL TO FEDERAL DISTRICT COURT UNDER 28 U.S.C. § 1441 (b)** |
| vs. | |
| ALASKA AIRLINES, INC AND JOHN DOES I-X | **Maricopa County Superior Court Case No. CV2020-004897** |
| Defendants. | |

**TO: PLAINTIFF AND HER ATTORNEY OF RECORD HEREIN:**

Defendant Alaska Airlines, Inc., files this Notice of Removal of this action to the United States District Court for the District of Arizona and sets forth the following grounds for removal:

1.      This suit is a civil action filed in the Superior Court of the State of  Arizona, County of Maricopa, Cause No. CV2020-004897.   In compliance with 28 U.S.C. § 1441(a) attached as Exhibit "A" is a copy of the attorney verification, Superior Court

docket, Civil Cover Sheet, Plaintiff's Summons, Plaintiff's Complaint, Plaintiff's Demand for Jury Trial, Plaintiff's Certificate Regarding Compulsory Arbitration, Affidavit of Service on Alaska Airlines, Inc., and Defendant's Notice of Removal to Federal Court.  These documents constitute all process, pleadings and orders served in this action.

2.       Alaska Airlines, Inc., received a copy of the Summons and Complaint on July 2, 2020.

3.       This court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is removable to this court pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4.       Plaintiff Gail Long is resident of the State of Montana.  Defendant Alaska Airlines, Inc., is incorporated in the State of Alaska and its principal place of business is in the State of Washington.

5.       Plaintiff seeks compensatory damages from Alaska Airlines, Inc., in an amount in excess of Seventy-Five Thousand Dollars  ($75,000.00) for injuries sustained in an incident that occurred on May 3, 2018, at Sky Harbor Airport Maricopa County, Arizona, purportedly as a result of the alleged negligent actions of the employees of Defendant.

6.      Pursuant to Local Rule 3.6, Defendant certifies that this Notice of Removal has been filed with the Clerk of the Superior Court in Maricopa County, Arizona, where the action was commenced.

DATED this 31st day of July, 2020.

CAMPBELL, YOST, CLARE & NORELL, P.C.


By   s/ Mary G. Isban
        Mary G. Isban, Esq.
        3101 N. Central Ave., Suite 1200
        Phoenix, AZ  85012
        Attorneys for Defendant


The foregoing pleading was electronically
filed this 31st day of July, 2020, with the
Clerk of the United States District Court
using the CM/ECF System and transmittal
to the following registrants:

Peter Leander, Esq.
Law Office of Peter Leander
443 Osborn Ave., Suite 108
Bigfork, MT  59911
Attorneys for Plaintiff


  s/ Staci Thomas

- 3 -

# EXHIBIT A

Mary G. Isban (009731)
CAMPBELL, YOST, CLARE & NORELL, P.C.
3101 N. Central Ave., Suite 1200
Phoenix, AZ  85012
Phone:  (602) 322-1600
Fax:  (602) 452-6600
misban@cycn-phx.com
mesupct@cycn-phx.com
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GAIL LONG,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, INC AND JOHN DOES I-X<br><br>Defendants. | **Case No.**<br><br>**VERIFICATION OF COUNSEL**<br><br>**Maricopa County Superior Court Case No. CV2020-004897** |

I, MARY G. ISBAN, being first duly sworn upon her oath, deposes and says:

1.      On July 31, 2020, I filed a Notice of Removal to Federal Court in the Maricopa County Superior Court under Cause No. CV2020-004897.

2.      On July 31, 2020, I filed a Notice of Removal in the Federal Court.

3.      I verify that the documents attached to the Notice of Removal are a complete copy of all pleadings and other documents that were previously filed with Maricopa County Superior Court.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   DATED: July 31, 2020

3

4    s/ Mary G. Isban
5   Mary G. Isban

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



Select Language Docket

Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-004897 | Judge: | Kemp, Michael |
| File Date: | 4/20/2020 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Gail Long | Plaintiff | Female | Peter Leander |
| Alaska Airline Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/8/2020 | AFS - Affidavit Of Service | 7/10/2020 | |
| **NOTE:** ALASKA AIRLINES INC | | | |
| 4/20/2020 | COM - Complaint | 4/22/2020 | |
| 4/20/2020 | CSH - Coversheet | 4/22/2020 | |
| 4/20/2020 | CCN - Cert Arbitration - Not Subject | 4/22/2020 | |
| 4/20/2020 | NJT - Not Demand For Jury Trials | 4/22/2020 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number _CV 2020-004897_

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _Peter Leander_

Attorney Bar Number _010043_

Is Interpreter Needed?  ☐ Yes ☒ No

If yes, what language(s): 

CLERK OF THE
SUPERIOR COURT
FILED
S. TARRENO DEP

2020 APR 20  AM 10: 22

---

Plaintiff's Name(s): (List all)   Plaintiff's Address:   Phone #:   Email Address:

Gail Long    Law office of Peter Leander   406-837-4123

443 Osborn Av. Ste.108   peter@leanderlaw.com

Bigfork, MT 59911

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Alaska Airlines Inc

John Does I - X

(List additional Defendants on page two and/or attach a separate sheet)

---

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.**

☐ Amount Claimed $_____     ☐ Tier 1   ☒ Tier 2   ☐ Tier 3

---

### NATURE OF ACTION

Place an "X" next to the <u>one</u> case category that most accurately describes your primary case. Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*

☐ 103 Wrongful Death\*

---

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 3

CV10f – 010119

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*
☐ 112 Product Liability – Asbestos*
☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☐ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☒ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*
☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*      ☐ 123 Hospital*
☐ 122 Physician D.O*       ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*
☐ 132 Promissory Note*
☐ 133 Foreclosure*
☐ 138 Buyer-Plaintiff*
☐ 139 Fraud*
☐ 134 Other Contract (i.e. Breach of Contract)*
☐ 135 Excess Proceeds-Sale*
☐ Construction Defects (Residential/Commercial)*
    ☐ 136 Six to Nineteen Structures*
    ☐ 137 Twenty or More Structures*
☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*
☐ 151 Eviction Actions (Forcible and Special Detainers)*
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment

☐ 158 Quiet Title*
☐ 160 Forfeiture*
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)*
☐ 187 Real Property *
☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute – Other*
☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)*
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only*
☐ 177 Interpleader– Automobile Only*
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*          ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition          _____

☐ 195(a) Amendment of Marriage License          (Specify)

☐ 195(b) Amendment of Birth Certificate


### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC     ☐ Election Challenge

☐ Employer Sanction     ☐ Other (Specify) _____


### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

> https://www.superiorcourt.maricopa.gov/commercial-court/.


**Additional Plaintiff(s):**

_____

_____


**Additional Defendant(s):**

_____

_____

1   Peter Leander
    Law Office of Peter Leander
2   443 Osborn Ave. Ste. 108
3   Bigfork, MT 59911
    (406)837-4123
4   peter@leanderlaw.com
    Attorney for Plaintiff
5

6   IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7   IN AND FOR THE COUNTY OF MARICOPA

8
    GAIL LONG,                          )
9                                       )   Case No: CV 2020-004897
                                        )
10         Plaintiff,                   )
                                        )
11  vs.                                 )   SUMMONS
                                        )
12                                      )
    ALASKA AIRLINES, INC AND JOHN       )
13  DOES I-X,                           )
                                        )
14         Defendants.                  )
                                        )
15  _____ )

16

17      **WARNING: This is an official document from the court that affects your**
18  **rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

19
    FROM THE STATE OF ARIZONA TO:
20

21      **ALASKA AIRLINES, INC**

22      A lawsuit has been filed against you. A copy of the lawsuit and other court papers

23  are served on you with this Summons.

24      If you do not want a judgment or order taken against you without your input, you

25
    must file an Answer or a Response in writing with the court and pay the filing fee. If you
26

do not file an Answer or Response the other party may be given the relief requested in his/her Petition or Complaint. To file your Answer or Response take, or send, the Answer or Response to the Office of the Clerk of the Superior Court, 201 W. Jefferson Street, Phoenix, Arizona 85003-2205 or Office of the Clerk of the Superior Court, 18380 N. 40th Street, Phoenix, Arizona 85032 or Office of the Clerk of Superior Court, 222 E. Javelina Avenue, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona, 85374. Mail a copy of your Response or Answer to the other party at the address listed on the top of this Summons.

      If this Summons and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your Response or Answer must be filed within twenty (20) calendar days from the date you were served, not counting the day you were served. If this Summons and other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response or Answer must be filed within thirty (30) calendar days from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

      You can get a copy of the court papers filed in this case from the Plaintiff at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003 or 18380 N. 40th Street, Phoenix,

1   Arizona 85032 or 222 E. Javelina Avenue, Mesa, Arizona 85210 or 14264 W. Tierra

2   Buena Lane, Surprise, Arizona, 85374.

3
        Requests for reasonable accommodation for persons with disabilities must be made
4
5   to the division assigned to the case by parties at least ten (10) judicial days in advance of a

6   scheduled court proceeding. Requests for an interpreter for persons with limited English

7   proficiency must be made to the division assigned to the case by the party needing the

8   interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a
9
10  scheduled court proceeding.

11
        SIGNED AND SEALED this date: _____
12

13                                      _____

14                                      Jeff Fine, Clerk of Superior Court

15                                                  COPY

16                                                  APR 2 0 2020
    By _____
17       Deputy Clerk                   CLERK OF THE SUPERIOR COURT
                                                S. TAVARES
18                                              DEPUTY CLERK

19

20

21

22

23

24

25

26

1  Peter Leander
2  Law Office of Peter Leander
   443 Osborn Ave. Ste. 108
3  Bigfork, MT 59911
   (406)837-4123
4  peter@leanderlaw.com
   Attorney for Plaintiff
5

CLERK OF THE
SUPERIOR COURT
FILED
S. TAVARES, DEP

2020 APR 20  AM 10: 22

₽ 333 PAID P.
₽ 2175322U

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                  **IN AND FOR THE COUNTY OF MARICOPA**

8                                              CV 2020-004897
   GAIL LONG,                          )
9                                      )   Case No._____
              Plaintiff,               )
10                                     )
                                       )
11 vs.                                 )   **COMPLAINT**
                                       )
12 ALASKA AIRLINES, INC AND JOHN       )
13 DOES I-X,                           )   **(Tort-Negligence-Premises
                                       )   Liability)**
14            Defendants.              )
                                       )   **(Jury Trial Demanded)**
15                                     )

16

17 ─────────────────────────────────

18

      Plaintiff Gail Long, by and through her attorney undersigned, for her Complaint
19
   against Defendants alleges as follows:
20
                                  **PARTIES**
21

22

23

24
      1.    Plaintiff, Gail Long, at all times material hereto, resided in Flathead County
25
   Montana.
26

2.      At all times material hereto, upon information and belief, Alaska Airlines, Inc. is a corporation, incorporated in Alaska, and duly authorized to do and doing business in the State of Arizona, amongst other states.

3.      Defendants Does I-X are corporations, partnerships, entities, persons, agents, servants, employers and/or employees whose true names are currently unknown to Plaintiff and whose acts and/or omissions caused or contributed to cause injury to Plaintiff, Gail Long.  Upon information and belief, Plaintiff alleges that Does I – X are residents of the State of Arizona or are business entities licensed to do business in Arizona.  When the true names of such corporations, partnerships, entities, persons, agents, servants, employers, and/or employees become known to Plaintiff, Plaintiff will ask leave of Court to amend this Complaint to reflect such true names, together with appropriate charging allegations.

**JURISDICTION AND VENUE**

4.      Upon information and belief, venue may be proper before this Court, and the Court may have jurisdiction over this action and the parties to this action, as the acts complained of herein occurred in Maricopa County, Arizona, Alaska Airlines contracted with Plaintiff to perform part of its obligation in Maricopa County, Arizona, Plaintiff and the amount in controversy exceeds the minimum jurisdictional limits of the Court. Jurisdiction may also be proper in Flathead County, Montana where Plaintiff resides, entered the contract with Defendant, Alaska Airlines, where Alaska Airlines does business and where Plaintiff has received her medical treatment and continues to suffer her damages.

- 2 -

5.      Plaintiff hereby requests and demands a trial by jury on all issues.

6.      The incident alleged herein occurred at the Alaska Airlines ticket counter in the Phoenix Sky Harbor Airport, Phoenix, Arizona in Maricopa County (hereinafter the "Subject Property").

7.      This case qualifies as a Tier 2 case under Rule 26.2 (b) (3)

## FACTUAL BACKGROUND

8.      Gail Long purchased from Alaska Airlines a round-trip from Kalispell Montana to Phoenix Arizona in April/May of 2018. Gail's return trip from Phoenix to Kalispell Montana was scheduled for May 3, 2018.

9.      In the midmorning of May 3, 2018, Gail Long arrived at the Phoenix Sky Harbor Airport to check-in for her return flight to Kalispell Montana. Gail approached the Alaska Airlines ticket counter to check in her suitcase with the Alaska Airlines ticket agent. The ticket agent proceeded to come around the counter, grab Gail's suitcase and place it on the Alaska Airlines luggage scale. The agent placed Gail's suitcase on the scale such that it stood on the portion of the suitcase to which the wheels are attached.

10.     As the agent proceeded back around the counter, the suitcase rolled off the scale and struck Gail, causing Gail to fall backwards and causing her to suffer multiple injuries.

11.     Paramedics were called and ultimately transported Gail to a local hospital where she was diagnosed with multiple injuries, including, but not limited to, a broken left wrist.

## NEGLIGENCE OF DEFENDANTS

12.     Plaintiff incorporates paragraphs 1 - 10 above.

- 3 -

13.     At all times material hereto, Alaska Airlines, Inc.'s employees, agents and or a parent or ostensible agents were acting within the course and scope of said employment, agency, and/or apparent agency with Defendants.

14.     Defendants owe Plaintiff a duty of reasonable care to keep her safe from harm and serious injury while providing her services.

15.     At all times material hereto, upon information and belief, Defendant Alaska Airlines owned, possessed, managed, and/or controlled the Subject Property and was responsible for the construction, development, design, redesign, inspection, conversion, and/or maintenance of their premises including, but not limited to, the ticket counter area and luggage scale at which Gail Long was injured.

13.     Defendants, and each of them, were ultimately responsible for, and maintained a non-delegable duty for safety on the portion of the Subject Property, Defendants breached their duties by failing to exercise reasonable care with respect to the design, construction, inspection, repair, and maintenance of the Subject Property, and by failing to discover, warn, correct, remediate, and/or repair the unsafe conditions, including, but not limited to, assuring that luggage did not roll off of the luggage scale and/or to take other reasonable safety precautions to render the Subject Property reasonably safe for invitees, including Plaintiff.

16.     At all times material hereto, Defendants owned, possessed, and/or controlled the Subject Property, Plaintiff was a business invitee on the Subject Property.  Defendants owed a non-delegable duty to invitees, including Plaintiff, to inspect and maintain the

-4-

Subject Property in a reasonably safe condition and manner for use of its invitees, including Plaintiff. Defendants breached that duty by failing to exercise reasonable care with respect to the design, construction, maintenance, and/or inspection of the Subject Property and failing to discover and correct the unsafe conditions existing on the Subject Property which caused Plaintiff's injuries and damages, and/or failing to warn Plaintiff of the unsafe condition. Defendants breached these duties by failing to maintain the Subject Property in a reasonably safe condition despite their duties and responsibilities to maintain such portions of the Subject Property in such a reasonably safe condition for their invitees, including Plaintiff, and/or failing to warn Plaintiff of the unreasonably dangerous condition of the property.

17.     Defendants owed plaintiff a duty to properly hire, train and maintain their employees, agents and/or ostensible agents in such a manner to prevent the type of event that injured and damaged Gail Long. Defendants are independently at fault for their negligence, negligence per se, gross negligence and/or other fault for failing to properly hire, train and retain their employees, agents and/or ostensible agents in such a manner to prevent the type of event at issue and damages caused to Gail Long or others.

18.     Defendants are independently at fault for their negligence, negligence *per se*, gross negligence, and/or other fault as described above. In addition, Defendants are indirectly and/or vicariously liable because of the non-delegable duties owed by Defendants to persons such as Plaintiff, for the acts and/or omissions of any person or

- 5 -

entity they claim to have delegated responsibility for their duties under the common laws or any other contract or agreement. The Defendants remained responsible for the design, construction, inspection, maintenance, repair, remediation, and/or other obligations discussed in this Complaint as a matter of law.

18.    Defendants, their officers, employees, personnel, independent contractors, and/or agents knew or should have known, or were constructively aware of unsafe conditions on the Subject Property, including the condition which caused Plaintiff's injuries and damages. Among other things, Defendants knew or should have known that unsafe and unreasonably dangerous conditions caused by faulty design, construction, inspection, maintenance, repair, remediation at the location where Plaintiff fell, was likely to cause injury and damages of the kind Plaintiff suffered.

19.    As a direct and proximate result of the negligence, negligence *per se*, gross negligence, and/or other fault of Defendants, their employees, agents, and/or apparent or ostensible agents as set forth above, Plaintiff suffered disabling injuries, and will continue to suffer pain, discomfort, disability, and anxiety in the future.

20.    As a direct and proximate result of the negligence, negligence *per se*, gross negligence, and/or other fault of Defendants, their employees, agents, and/or apparent or ostensible agents as set forth above, Plaintiff has incurred reasonable expenses of necessary medical care, treatment, and services, and will be required to incur such expenses in the future.

-6-

21.     As a direct and proximate result of the negligence, negligence *per se*, gross negligence, and/or other fault of Defendants, their employees, agents, and/or apparent or ostensible agents as set forth above, Plaintiff has suffered, and will continue to suffer, a loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed prior to his injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For such sums as proven at trial that will fairly and reasonably compensate Plaintiff for her injuries and damages, including general damages for past and future pain, discomfort, loss of enjoyment of life, mental anxiety, anguish and permanent injury;

2.     For such sums as proven at trial that will fairly and reasonably compensate Plaintiff for her special damages, including but not limited to past, present, and future medical bills and expenses;

3.     For Plaintiff's costs of suit incurred and to be incurred herein; and

4.     For such other and further relief as the Court deems appropriate.

Dated this 16 day of April, 2020.

Peter Leander
443 Osborn Ave. Ste. 108
Bigfork, MT 59911
Attorney for Plaintiff

-7-

CLERK OF THE
SUPERIOR COURT
FILED
S. TAVARES, DEP

2020 APR 20  AM 10: 25

1   Peter Leander
2   Law Office of Peter Leander
    443 Osborn Ave. Ste. 108
3   Bigfork, MT 59911
    (406)837-4123
4   peter@leanderlaw.com
5   Attorney for Plaintiff

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8   GAIL LONG,                          )   CV 2020-004897
9                                       )   Case No:
          Plaintiff,                    )
10                                      )
11  vs.                                 )   **DEMAND FOR JURY TRIAL**
                                        )
12  ALASKA AIRLINES, INC AND JOHN       )
13  DOES I-X,                           )
                                        )
14        Defendants.                   )
15                                      )

16  _____

17          Plaintiff, by and through undersigned counsel, and pursuant to Rule 38(b), Arizona

18  Rules of Civil Procedure, hereby demands a trial by jury of all issues in the above-entitled

19  action.

20

21

22          Dated this ___ day of April, 2020.

23

24

25

26          By _____
                    Peter Leander
                    Attorney for Plaintiff

CLERK OF THE
SUPERIOR COURT
FILED
S. TAVARES, DEP

2020 APR 20   AM 10: 22

1   Peter Leander
    Law Office of Peter Leander
2   443 Osborn Ave. Ste. 108
3   Bigfork, MT 59911
    (406)837-4123
4   peter@leanderlaw.com
5   Attorney for Plaintiff

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7              IN AND FOR THE COUNTY OF MARICOPA

8
    GAIL LONG,                          )    CV 2020-004897
9                                       )    Case No:
                                        )
10            Plaintiff,                 )
                                        )
11   vs.                                 )    **CERTIFICATE      REGARDING**
                                        )    **COMPULSORY ARBITRATION**
12   ALASKA AIRLINES, INC AND JOHN       )
13   DOES I-X,                           )
                                        )
14            Defendants.                )
                                        )
15                                       )

16  _____

17
          The undersigned certifies that the largest award sought by Plaintiff exceeds the limit
18  set by Local Rule for Compulsory Arbitration.  Therefore, this case is **not** subject to the
19  Uniform Rules of Practice for Arbitration.

20

21          Dated this ⎵⎵ day of April, 2020
22

23

24
          Peter Leander
25

26

Peter Leander
Law Office Of Peter Leander
443 Osborn Ave
Suite 108
Bigfork, MT 59911
(406) 837-4123

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

2020 JUL -8  PM 12: 06
**FILED**
BY  D. BICOY, DEP

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

**Gail Long,**

Plaintiff,

vs.

**Alaska Airlines, Inc; et al.,**

Defendant.

Case Number: CV2020-004897

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 30th day of June, 2020 at 9:33 pm to be served on **Alaska Airlines, Inc, 8825 N 23rd Ave, Suite 100, Phoenix, AZ**.

I, Anthony Verdugo, being duly sworn, depose and say that on the **2nd day of July, 2020** at **11:25 am, I:**

served by delivering a true copy of the **Summons, Complaint, Certificate Regarding Arbitration & Demand for Jury Trial** with the date and hour of service endorsed thereon by me, to: **Alaska Airlines, Inc,** by serving the **Registered Agent Corporation Services,** by serving **Brooklyn Vandeventer** who is authorized to accept at the address of: **8825 N 23rd Ave, Suite 100, Phoenix, AZ** on behalf of, and informed said person of the contents therein, in compliance with state statutes.

**Service Fee Items:**
| | |
|---|---|
| Service Fee (Local) | $15.00 |
| Mileage | $30.00 |
| Notary Fee | $8.00 |
| Total | $53.00 |

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been so appointed by the court.

Subscribed and Sworn to before me on the 7th day
of July, 2020 by the affiant who is personally known
to me

NOTARY PUBLIC

JAY ANTHONY GARY
Notary Public
Commission Number 573831
Expires: January 7, 2024
Maricopa County

**Anthony Verdugo**
Process Server

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 6253
Glendale, AZ 85312
(602) 266-5577

Our Job Serial Number: STW-2020000357
Ref: Gail Long

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Mary G. Isban, Esq. (009731)
CAMPBELL, YOST, CLARE & NORELL, P.C.
3101 N. Central Ave., Suite 1200
Phoenix, AZ  85012
(602) 452-6602
(602) 452- 6600 – Fax
misban@cycn-phx.com
Attorneys for Defendant

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| GAIL LONG, | **NO. CV2020-004897** |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| ALASKA AIRLINES, INC AND JOHN DOES I-X, | **(Hon. Michael Kemp)** |
| Defendants. | |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:**

Please take notice that a Notice of Removal of this action pursuant to 28 U.S.C. § 1441(a) was filed in the United States District Court for the District of Arizona on July 31, 2020.  A copy of the Notice of Removal is attached to this Notice and is hereby served and filed in the above-captioned action.

. . .

. . .

. . .

1

DATED this 31st day of July, 2020.

2

**CAMPBELL, YOST, CLARE & NORELL, P.C.**

3

4

By /s/ Mary G. Isban

5

Mary G. Isban, Esq.

3101 N. Central Ave., Suite 1200

6

Phoenix, AZ  85012

Attorneys for Defendant

7

8

COPY of the foregoing e-filed

9

this 31st day of July, 2020,

with a copy automatically routed to the

10

Hon. Michael Kemp.

11

COPY of the foregoing emailed on

12

this 31st day of July, 2020, to:

13

Peter Leander, Esq.

14

Law Office of Peter Leander

443 Osborn Ave., Suite 108

15

Bigfork, MT  59911

16

Attorneys for Plaintiff

17

  /s/ Staci Thomas

18

19

20

21

22

23

24

25

26

- 2 -